JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Email: john.newman@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAKOTA WHEELER,<br><br>               Plaintiff,<br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>               Defendant. | CV 25-103-GF-BMM<br><br>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

Defendant U.S. Immigration and Customs Enforcement moves to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim. This Court does not have jurisdiction over a challenge to the effectuation of an order of removal, but even if it did, the pathway by which Plaintiff entered the

1

United States forecloses such a challenge. The Court should dissolve the temporary restraining order entered on November 14 (Doc. 3) and dismiss this case with prejudice.

## BACKGROUND

Plaintiff is a national and citizen of the United Kingdom. Ex. 1, Excerpts from Plaintiff's A-File, 2. He entered the United States with his mother on November 5, 2014, when he was 15 years old. *Id*. Plaintiff and his mother gained entry under the Visa Waiver Program (VWP), *see* 8 U.S.C. § 1187, which allows nonresidents from a list of predesignated countries to visit the United States for up to 90 days without a visa. *Id*. at 3, 7.

Two months after their arrival, Plaintiff's mother married a United States citizen, who petitioned U.S. Citizenship and Immigration Services for green cards on behalf of Plaintiff and his mother. Those applications were denied. Plaintiff's mother eventually received a green card and lawful permanent resident status in 2022, but Plaintiff has not been issued a green card. Likewise, there is no indication Plaintiff was adopted by his mother's U.S. citizen spouse.

On March 25, 2025, Plaintiff pled guilty to driving without a license in Montana state court. *Id*. at 8. Then, on October 25, the Great Falls Police Department received a complaint from one of Plaintiff's coworkers alleging that

Plaintiff had threatened to harm the coworker's family if the coworker reported Plaintiff to Immigration and Customs Enforcement. *Id.* No charges were filed, but Homeland Security Investigations subsequently apprehended Plaintiff on November 13 as a VWP overstay—i.e., an individual who has exceeded the 90-day visitation period under the VWP. *Id.* at 10–14.

Plaintiff filed his Emergency Complaint and Motion for Temporary Restraining Order the day after he was apprehended. Plaintiff seeks, and the Court has issued, an order prohibiting his removal by Immigration and Customs Enforcement.

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, the challenger in a factual attack disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In a facial attack, the allegations in the complaint are taken as true. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). When considering a factual attack, however, the court may consider extrinsic evidence and make findings of fact to

3

determine the court's jurisdiction. *Id*. at 1121–22. Here, the United States presents a factual challenge to subject matter jurisdiction, as this motion relies in part on excerpts from Plaintiff's A-File, *see* Ex. 1

To survive a motion to dismiss under Fed. R. Civ P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is proper when the complaint either lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

## ARGUMENT

**I.	The Court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1252(g).**

Plaintiff is the subject of a final administrative removal order, the basis for which is the fact that he remained in the United States approximately 10 years past the date he was required to depart the country under the VWP. Ex. 1 at 12–14. The purpose of Plaintiff's suit and motion for temporary restraining order is to disrupt his removal by enjoining Immigration and Customs Enforcement from

4

effectuating the order. Doc. 2 at 1. Consequently, this Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(g) and Plaintiff's case must be dismissed.

Section 1252 governs judicial review of orders of removal. However, there is no such review available for "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The statute explicitly precludes review of a claim to enjoin the government from removing a noncitizen. *Rauda v. Jennings*, 55 F.4th 773, 777 (9th Cir. 2022) (no jurisdiction for habeas petition filed while motion to reopen removal proceedings remained pending because "[n]o matter how [the petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [a] removal order"); *Ibarra-Perez v. U.S.*, 154 F.4th 989, 996 (9th Cir. 2025) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)) (jurisdictional bar unquestionably applies to claims challenging the "three discrete actions" listed in the statute related to the removal process—commence, adjudicate, and execute).

The government has initiated administrative removal on account of Plaintiff's VWP overstay. Plaintiff's suit arises from the government's decision

5

or action to effectuate his removal, an action Plaintiff expressly seeks to prevent. Therefore, the Court lacks jurisdiction to hear this case under 8 U.S.C. § 1252(g).

## II.  Even if the Court had subject matter jurisdiction, the VWP precludes Plaintiff's claim for relief.

It is indisputable that Plaintiff arrived in the United States in 2014 under the VWP, which permits a maximum stay of 90 days. Ex. 1 at 3; 8 U.S.C. § 1187(a)(1). But to avail himself of this program, Plaintiff "waived any right . . . to contest, other than on the basis of an application for asylum, any action for removal." 8 U.S.C. § 1187(b)(2). Plaintiff has not and does not intend to raise a claim for asylum. *See* Ex. 1 at 14 (no notation under "I Wish to Request Asylum" heading). Thus, even assuming this Court had jurisdiction, Plaintiff cannot state a claim for relief and his case would be dismissible under Fed. R. Civ. P. 12(b)(6).

"The VWP is designed to eliminate unnecessary red tape and to make it possible for people to travel more easily to this country, while also making it easier for United States citizens to travel more easily to cooperating countries." *Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir. 2005). "But the linchpin of the program is the waiver, which assures that a person who comes here with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede his removal if he overstays." *Id.* "The quid pro quo that the alien gets is an entry without satisfying the need for a visa." *Bingham v. Holder*, 637 F.3d 1040, 1047

(9th Cir. 2011). Even assuming the VWP's waiver is only effective if knowing and voluntary, courts generally do not entertain claims alleging capacity or voluntariness to execute the waiver because of the acknowledged lack of prejudice—whether a VWP entrant understands the waiver and chooses to sign it, or understands the waiver and refuses to sign it, they are in the same position. *Id*. (citing *Bayo v. Napolitano*, 593 F.3d 495, 506 (7th Cir. 2010); *Bradley v. Atty. Gen. of U.S.*, 603 F.3d 235, 240 (3d Cir. 2010)); *see also O'Riordan v. Barr*, 925 F.3d 6 (1st Cir. 2019). The VWP's waiver requirement is "ironclad," *Bradley*, 603 F.3d at 238, and "[o]nce [an] alien has attempted to benefit from the VWP, he or she is bound by its terms," *Shkembi v. Atty. Gen. U.S.*, 41 F.4th 237, 243 (3d Cir. 2022).

Here, Plaintiff is in the United States by virtue of the VWP and has benefitted from the streamlined entry process the program provides. But the quid pro quo for this simplified process was the promise that Plaintiff would leave within 90 days—for him, no later than February 2, 2015—and would not impede his removal if he overstayed. Plaintiff is bound by the VWP's waiver provision and therefore cannot challenge his removal pursuant to 8 U.S.C. § 1187(b)(2). Likewise, Plaintiff has not made a claim for asylum, and expressly stated to Immigration and Customs Enforcement officers that "the reason he contest[s] his

7

removal [is] not based on any legal standing or legitimate claims for asylum" and "he does not fear persecution or torture if removed to the UK." Ex. 1 at 8–9, 14. Plaintiff is therefore removable under the VWP and, even if this Court had jurisdiction, Plaintiff's claims are dismissible under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Based on the foregoing, the Court should dissolve the previously entered temporary restraining order and dismiss this case. The Court lacks jurisdiction over Plaintiff's claims, which fail on the merits in any event.

DATED this 24th day of November, 2025.

        KURT G. ALME
        United States Attorney


        /s/ John M. Newman
        Assistant U.S. Attorney
        Attorney for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 1,538 words, excluding the caption and certificate of compliance.

DATED this 24th day of November, 2025.

/s/ John M. Newman
Assistant U.S. Attorney
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2025, a copy of the foregoing document was served on the following person by the following means.

|   |   |
|---|---|
| _____ | CM/ECF |
| _____ | Hand Delivery |
| 2 | U.S. Mail |
| _____ | USAfx |
| _____ | E-Mail |

1. Clerk of Court

2. Cascade County Detention Center
ATTN: Dakota Wheeler
3800 N Ulm Frontage Rd
Great Falls, MT 59403
*Pro se Plaintiff*

/s/ John M. Newman
Assistant U.S. Attorney
Attorney for Defendant