JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Email: john.newman@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAKOTA WHEELER,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | CV 25-103-GF-BMM<br><br>REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS |

  In his response to the government's motion to dismiss, Plaintiff purports to clarify that he is not directly challenging the *execution* of his final order of removal, but is instead contesting the *validity* of the order in the context of the Visa Waiver Program (VWP), 8 U.S.C. § 1187.  Doc. 9 at 2, 4.  Plaintiff's initial filings, albeit submitted pro se, belie this contention—he plainly seeks to forestall

1

removal and takes no structural issue with the final order of removal itself.  *See* Docs. 1–3.  Moreover, the Ninth Circuit looks to the gravamen of the claims when applying 8 U.S.C. § 1252(g), not to a petitioner's characterization of those claims. *See Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022) ("[n]o matter how [the petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [a] removal order"); *Martinez v. Napolitano*, 704 F.3d 620, 622–23 (9th Cir. 2012).

Nevertheless, taking Plaintiff's assertions as true and assuming for the sake of argument that 8 U.S.C. § 1252(g) does not apply, this case still must be dismissed under Fed. R. Civ. P. 12(b)(1) because jurisdiction over any and all challenges to final orders of removal—issued in the context of the VWP or otherwise—lies "solely and exclusively" with the federal courts of appeal.  8 U.S.C § 1252(a)(5) (cleaned up); *see Bingham v. Holder*, 637 F.3d 1040, 1043–44 (9th Cir. 2011) (citing *Freeman v. Gonzales*, 444 F.3d 1031, 1034 (9th Cir. 2006)); *Momeni v. Chertoff*, 521 F.3d 1094, 1095–96 (9th Cir. 2008) *see also Crippa v. Holder*, 585 Fed. Appx. 581, 582 (9th Cir. 2014) (unpublished) (Ninth Circuit had exclusive jurisdiction over petition for review of final order of removal, even though VWP waiver precluded petitioner's claims in that forum).  Thus, regardless of whether Plaintiff challenges the execution of his final order of removal or the order itself, this Court lacks the power to hear the case.

On the merits, though, the Ninth Circuit has rejected the same argument Plaintiff puts forth that because he was a minor at the time he entered the United States, his waiver of rights under the VWP was not knowing and voluntary and is therefore non-binding. Citing the Seventh Circuit's decision in *Bayo v. Napolitano*, 593 F.3d 495, 506 (7th Cir. 2010), the court in *Bingham* explained that a VWP-overstay petitioner arguing lack of voluntariness necessarily cannot prove prejudice:

> Had the petitioner known what the waiver said, he would have had two options, either of which would have led to summary removal. If he had signed the waiver anyway, knowing full well what it said, he would be in the same situation as he is now. If he had refused to sign, he would have been removed summarily at the border because he did not have a proper visa.

637 F.3d at 1047 (cleaned up); *see also* 8 C.F.R. § 217.4(a)(1) (VWP applicant who does not meet the requirements of 8 U.S.C. § 1187, including waiving any right to contest removal, is immediately removable). Plaintiff's position would be no different if he understood the implications of the waiver at the time he executed it, but in any event the viability of this argument is a question for the Ninth Circuit on petition, not for this Court.

Moreover, other courts of appeal have held that: (1) minority is not a defense to the VWP's waiver of rights when a minor's parents understand and execute the waiver on their behalf, *see O'Riordan v. Barr*, 925 F.3d 6, 16 (1st Cir. 2019); and,

3

(2) assuming "a VWP waiver is valid only if it has been entered into knowingly and voluntarily," when an entrant in fact receives "the benefit of expedited entry," they "[are] bound to accept the VWP's strictures," *see Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012). There is no evidence to suggest Plaintiff's mother did not understand the requirements of the VWP when she brought Plaintiff to the United States under the program, and certainly Plaintiff has benefitted from her decision to do so. Again, however, these are issues for the Ninth Circuit to parse, according to 8 U.S.C. § 1252(a)(5).

Based on the foregoing and the points raised in the government's opening brief, the Court should dismiss this case for lack of jurisdiction. Federal statute and abundant Ninth Circuit case law make clear that challenges to final orders of removal (assuming this is such a challenge) can only be considered by the federal courts of appeal.

DATED this 9th day of December, 2025.

KURT G. ALME
United States Attorney

/s/ John M. Newman
Assistant U.S. Attorney
Attorney for Defendant

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 752 words, excluding the caption and certificate of compliance.

DATED this 9th day of December, 2025.

/s/ John M. Newman<br>
Assistant U.S. Attorney<br>
Attorney for Defendant