**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| DAKOTA WHEELER, | **CV-25-103-GF-BMM** |
| Plaintiff, | |
| vs. | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | **ORDER ON MOTION TO DISMISS** |
| Defendant. | |

## INTRODUCTION

Dakota Wheeler filed an emergency complaint on November 14, 2025, against U.S. Immigration and Customs Enforcement ("ICE" or "the Government") requesting a temporary restraining order ("TRO") to prevent ICE from deporting Wheeler. (Doc. 1 and Doc. 2.) The Court granted the TRO on November 14, 2025. (Doc. 3.) The Government filed a motion to dismiss Wheeler's complaint on November 24, 2025. (Doc. 5.) The Court scheduled a hearing on the matter on November 25, 2025. (Doc. 8.) The parties agreed to continue the hearing to allow Wheeler's counsel time to respond to the motion to dismiss. (*Id*.) The Court held the hearing on December 10, 2025. (Doc. 11.)

## BACKGROUND

Dakota Wheeler is a national and citizen of the United Kingdom. (Doc. 6 at 2.) Wheeler came to the United States with his mother on November 5, 2014, when he was 15 years old. (*Id*.) Wheeler and his mother were granted entry to the United States under the Visa Waiver Program ("VWP") pursuant to 8 U.S.C. § 1187. (*Id*.) The VWP allows nonresidents from a list of predesignated countries to visit the United States for up to 90 days without a visa. (*Id*.) A nonimmigrant visitor who is granted entry through the VWP must waive any right to "to contest, other than on the basis of an application for asylum, any action for removal" of the visitor. 8 U.S.C. § 1187(b)(2).

Wheeler has lived in the United States since his entry in 2014. (Doc. 6 at 2.) Wheeler attempted to obtain a green card shortly after arrival in the United States, but his application was denied. (*Id*.) Wheeler has never obtained lawful residence status in the United States. (*Id*.) Wheeler is engaged to be married. (*Id*.) Wheeler's fiancé has one child and she is pregnant with another. (*Id*. Ex. 2 at 8.)

The Great Falls Police Department received a call on October 25, 2025, from one of Wheeler's coworkers alleging that Wheeler had threatened to harm the coworker's family if the coworker reported Wheeler to U.S. Immigration and Customs Enforcement ("ICE"). (*Id*. at 2-3.) Homeland Security Investigations subsequently apprehended Wheeler on November 13, 2025, as a VWP overstay. (*Id*. at 3.) ICE issued a Final Administrative Removal Order and Notice of Intent to

Issue a Final Administrative Removal Order on November 13, 2025 (Doc. 6-2 at

13-14.) Wheeler signed the acknowledgement on November 20, 2025, that he had

received the Notice of Intent, and stated on the form that he wished to contest

removability. (*Id*. at 14.)

## LEGAL STANDARD

### I.      Motion to Dismiss 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action

for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1)

motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial

attack), or a lack of any factual support for subject matter jurisdiction despite the

pleading's sufficiency (factual attack). *Grondal v. United States*, No. CV-09-0018-

JLQ, 2012 WL 523667, at *4 (E.D. Wash. Feb. 16, 2012). A court must accept as

true all allegations when a defendant brings a facial attack. *Id.* For a factual attack,

a court may consider evidence outside the pleadings needed to resolve factual

disputes as to jurisdiction. *Assoc. of Am. Med. Coll. v. United States*, 217 F.3d 770,

778 (9th Cir. 2000).

A party invoking federal court jurisdiction bears the burden of establishing

jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Dismissals under Rule 12(b)(1) are proper "where the alleged claim under the

Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682–83 (1946).

## II.    Motion to Dismiss 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint must contain sufficient factual matter to state a plausible claim for relief on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim proves plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant

4

has acted unlawfully." *Id.* A court must "take[] as true and construe[] in the light most favorable to plaintiffs" all factual allegations set forth in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citing *Halkin v. Verifone Inc.*, 11 F.3d 865, 868 (9th Cir. 1993)).

## DISCUSSION

The Government argues that the Court lacks subject matter jurisdiction over this case pursuant to 8 U.S.C. § 1252(g). (Doc. 6 at 4.) Section 1252(g) governs judicial review of orders of removal. (*Id.* at 5.) The Government further contends that even if the Court had subject matter jurisdiction, the VWP precludes Wheeler's claim for relief. (*Id.* at 6.) The Court will address the issues in turn.

### I.    Subject Matter Jurisdiction

The Government asserts that Wheeler's TRO seeks to disrupt his removal proceeding by enjoining ICE from effectuating the order. (Doc. 6 at 5.) The Government argues that § 1252(g) bars federal district courts from exercising subject matter jurisdiction in cases where a plaintiff challenges actions related to the removal process, including commencement, adjudication, and execution of

removal orders. (*Id.*, citing *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025).)

Section 1252(g) provides in relevant part: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Ibarra-Perez*, 154 F.4th at 995 (quoting 8 U.S.C. § 1252(g)). Wheeler contends that § 1252(g) does not prevent the Court from exercising subject matter jurisdiction over his case as he presents "purely legal arguments" challenging the constitutional validity of the VWP waiver as applied to him. (Doc. 9 at 4.) Wheeler argues that the U.S. Supreme Court has given § 1252(g) "a narrow reading." (*Id.* at 3-4 citing *Ibarra-Perez*, 154 F.4th at 995 and *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("*AADC*").)

Wheeler correctly identifies that the "[U.S.] Supreme Court has given a 'narrow reading' to § 1252(g)." *Ibarra-Perez*, 154 F.4th at 995 (quoting *AADC*, 525 U.S. at 487.) "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *AADC*, 525 U.S. at 482, [emphasis in original] (quoting 8 U.S.C. § 1252(g)). Instead of "sweep[ing] in any claim that can technically be said to 'arise from' the three listed actions," the provision

"refer[s] to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (plurality opinion) (describing the holding of *AADC*). "'There are of course many . . . decisions or actions that may be part of the deportation process' not implicated by § 1252(g), 'such as the decisions to open an investigation, to surveil the suspected violator, to reschedule the deportation hearing, to include various provisions in the final order that is the product of the adjudication, and to refuse reconsideration of that order.'" *AADC*, 525 U.S. at 482.

Federal courts "have jurisdiction to decide a 'purely legal question' that 'does not challenge the Attorney General's discretionary authority.'" *Ibarra-Perez*, 154 F.4th at 996 (quoting *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)). *Ibarra-Perez* concluded that the plaintiff's challenge did not fall within this narrow understanding of § 1252(g) and the Ninth Circuit properly could exercise jurisdiction. 154 F.4th at 996-97. The plaintiff in *Ibarra-Perez* objected to his removal to Mexico, not on the basis that he should not be removed from the United States, but rather on the basis that he should not be removed *to Mexico*. *Id*. The Government argued that the plaintiff's "objection to his removal to Mexico [was] a challenge to 'execution' of a removal order within the meaning of § 1252(g)." *Id*. The Ninth Circuit disagreed and concluded that the plaintiff was not challenging "ICE's discretionary authority to decide 'when' or 'whether' to execute a removal order." *Id*. at 997.

7

*Ibarra-Perez* emphasized that the jurisprudence is clear "that § 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id. Ibarra-Perez* cited *Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998), for the holding that § 1252(g) does not bar due process claims. *Ibarra-Perez,* 154 F.4th at 997. *Walters* concluded that § 1252(g) did not bar the plaintiff's claims that challenged the administrative procedures used to obtain final orders. 145 F.3d at 1036. *Walters* reasoned that the plaintiff's due process claims were permissible as they "constitute[d] 'general collateral challenges to unconstitutional practices and policies used by the agency.'" *Id*. at 1052. *Walters* further reasoned that "[a]lthough the constitutional violations ultimately may have led to the plaintiffs' erroneous deportation, the resulting removal orders were simply a consequence of the violations, not the basis of the claims." *Id*.

Courts have identified other claims for relief not barred by § 1252(g). Section 1252(g) does not shield challenges to detention orders from judicial review. *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *2 (D. Ariz. Oct. 3, 2025) (citing *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023)). Section 1252(g) does not bar claims by a plaintiff that due process may require an immigration judge to review a negative reasonable fear determination made outside the context of removal proceedings. *Cruz Medina v.*

*Noem*, No. 25-CV-1768-ABA, 2025 WL 2841488, at *2 (D. Md. Oct. 7, 2025).

Section 1252(g) does not bar a plaintiff's Fifth Amendment due process claims

when a final removal order does not yet exist. *Bonilla v. Hermosillo*, No. 2:25-CV-

02196, 2025 WL 3237854, at *3 (W.D. Wash. Nov. 19, 2025).

Wheeler also cites *Nakka v. United States Citizenship & Immigr. Servs.*, 111

F.4th 995, 1002 (9th Cir. 2024), for the assertion that the U.S. Supreme Court "has

long distinguished between the 'direct review of individual denials' of applications

and 'general collateral challenges to [unlawful] practices and policies.'" Wheeler

contends that he makes a general collateral challenge to the unlawful practice and

policy of applying the VWP waiver to someone who entered the U.S. as a minor.

(Doc. 9 at 5.) The Ninth Circuit in *Nakka* further analyzed the interplay between

challenges for direct review of individual denials and general collateral challenges.

111 F.4th at 1010.

The Ninth Circuit reasoned that the ripeness doctrine provided an obstacle to

general collateral challenges. *Id*. When a plaintiff must rely upon the denial of his

application to satisfy the ripeness requirement, even when he generally challenges

the collateral policy, "the statutory scheme channels review of such denials into a

limited review process, and then [the plaintiff would] 'then still find [himself] at

least temporarily barred' from review by those channeling provisions." *Id*. (quoting

*Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 60 (1993)). *Nakka* addressed a

separate statutory provision of § 1252 and the facts and legal reasoning are not perfectly analogous, yet the analysis proves insightful to the Court.

Wheeler cites no authority that affirmatively concludes that federal district courts possess subject matter jurisdiction over constitutional challenges like the one being made by Wheeler. *Ibarra-Perez* offers valuable guidance on the limited scope of § 1252(g)'s bar, but the facts differ greatly. The plaintiff in *Ibarra-Perez* explicitly did not challenge removal, and instead challenged only the country to where he was to be removed. Wheeler's claims challenge the authority of ICE to remove him from the United States, although he is not directly challenging his removal proceedings. Wheeler is not challenging a detention order. Wheeler challenges a collateral practice and policy of the Government to apply the VWP waiver to those people who enter the United States as minors, yet he is doing so through the lens of his own removal order.

The Government cites *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022), to support its argument that altering the framing of Wheeler's claim does not change the fact that he challenges the authority of the Attorney General to exercise the discretion to execute a removal order. (Doc. 10 at 2.) The plaintiff in *Rauda* had entered the United States illegally and had been involved in violent gang activity. *Rauda*, 55 F.4th at 775-76. ICE detained the plaintiff and sought to remove him. *Id*. at 776. The plaintiff challenged his removal in front of an

10

immigration judge and appealed to the Board of Immigration Appeals ("BIA"). *Id.*
The plaintiff was denied relief in both forums but attempted to reopen his case
based on new developments. *Id.* The plaintiff sought an emergency stay from the
BIA while his motion to reopen was being considered. *Id.* The BIA declined to
grant an emergency stay. *Id.*

The plaintiff filed a habeas petition with the district court seeking to enjoin
the government from removing him until the BIA had ruled on his motion to
reopen. *Id.* The district court denied the motion and the plaintiff appealed to the
Ninth Circuit. *Id.* The Ninth Circuit concluded that § 1252(g) barred judicial
review of his claims as the plaintiff was challenging the execution of his removal
order. *Id.* at 776-77. The Ninth Circuit determined that the plaintiff's petition
addressed the government's authority to execute removal orders. *Id.* at 777. The
Ninth Circuit reached this conclusion even though the plaintiff's petition addressed
the government's decision to remove him before the BIA had issued a decision on
his motion to reopen. *Id.* The plaintiff's framing of his challenge had no relevance
to the Ninth Circuit's conclusion regarding the question of jurisdiction. *Id.* (citing
*Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1274 (11th Cir.
2021)).

*Rauda* contains different facts and does not relate to the VWP, but the
reasoning provides guidance to the Court. The Government also cites the

11

unpublished opinion, *Crippa v. Holder*, 585 F. App'x 581, 582 (9th Cir. 2014), and argues that the Ninth Circuit possesses exclusive jurisdiction over the plaintiff's petition for review of a final order of removal, despite the plaintiff's claims that the VWP waiver violates due process as applied to him. (Doc. 10 at 2.) *Crippa* does not specifically state that the Ninth Circuit's jurisdiction is exclusive, although it does cite 8 U.S.C. § 1252(a) which provides exclusive jurisdiction over review of final removal orders to appropriate courts of appeals. *Crippa*, 585 F. App'x at 582.

It proves unclear whether the Court properly can exercise subject matter jurisdiction over this case based on the cited authority. The Court looks to the guidance provided in *Ferreyra v. Barr*, 962 F.3d 331, 336 (7th Cir. 2020), as instructive. The Seventh Circuit in *Ferreyra* noted that the plaintiff also had filed a petition for writ of habeas corpus in federal district court seeking declaratory and injunctive relief from the final removal order of the Department of Homeland Security. 962 F.3d at 334 n.2. The plaintiff had argued that the evidence did not show that he validly had waived his rights under the Visa Waiver Program, among other claims. *Id*. The Seventh Circuit concluded that the district court properly had transferred the case to the court of appeals because "courts of appeals have exclusive jurisdiction to review orders of removal." *Id*. It appears that at least one district court has concluded that a challenge to the validity of a visa waiver by a

minor under the VWP properly should be considered as a challenge to a removal order.

## II.    Whether the VWP Precludes Wheeler's Claim for Relief

Congress first implemented the VWP as a pilot program in 1986. The VWP authorizes the Attorney General and Secretary of State to waive the visa requirements for entry to the United States for aliens that are nationals of certain designated countries, and who meet a series of statutory requirements. 8 U.S.C. § 1187. These VWP entrants may be admitted to the United States as tourists for a period of ninety days. § 1187(a)(1). In exchange for this benefit, persons seeking admission to the United States without first obtaining a visa must waive their right "to review or appeal under this chapter of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States" and "to contest, other than on the basis of an application for asylum, any action for removal of the alien." § 1187(b).

A VWP entrant's removability "shall be determined by the district director who has jurisdiction over the place where the alien is found, and shall be effected without referral of the alien to an immigration judge for a determination of deportability" unless the alien applies for asylum. 8 C.F.R. § 217.4(b). The Ninth Circuit has described the waiver provision as "the linchpin of the program," in that

it "assures that a person who comes here with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede his removal if he overstays." *Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir.2005). Wheeler's complaint presents challenges to impede his removal.

The Court reviewed several other cases that involved plaintiffs who challenged the validity of the visa waiver applied to them because they were minors when they entered the United States through the VWP. A federal court of appeals exercising its jurisdiction to review final orders of removal issued by the Department of Homeland Security decided nearly all the cases. *See Nardea v. Sessions*, 876 F.3d 675, 677 (4th Cir. 2017); *O'Riordan v. Barr*, 925 F.3d 6, 11 (1st Cir. 2019); *Vera v. Att'y Gen. of U.S.*, 672 F.3d 187, 189 (3d Cir.), *vacated on other grounds*, 693 F.3d 416 (3d Cir. 2012); *Mokarram v. U.S. Atty. Gen.*, 316 F. App'x 949, 954 (11th Cir. 2009) (transferred from district court); *Galluzzo v. Holder*, 633 F.3d 111, 113 (2d Cir. 2011); *see also Vargas v. United States Dep't of Homeland Sec.*, No. 1:17-CV-00356, 2017 WL 962420, at *3 (W.D. La. Mar. 10, 2017) (district court order transferring case to the Fifth Circuit).

*Polizio v. Jenifer*, 217 F. Supp. 2d 811, 815 (E.D. Mich. 2002), dismissed the plaintiff's habeas petition but reasoned that, as a district court, it could exercise jurisdiction over the case for the "purpose of determining the scope of [the plaintiff's] constitutional rights and determining whether they are being violated."

14

217 F. Supp. 2d at 814. The district court decided *Polizio* before Congress passed the REAL ID Act of 2005, 8 U.S.C.A. §§ 1252 et seq. The REAL ID Act essentially stripped federal district courts of any jurisdiction, habeas or otherwise, to review any removal orders. The Court finds instructive the posture of these cases.

Section 1252(a) grants the "sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter" to the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). "Though a VWP entrant waives the right to contest removal except on the basis of asylum, § 1187(b)(2), a VWP entrant can invoke § 1252(a) to challenge a final order of removal on the basis that he or she is not at all subject to the VWP regime." *Bingham v. Holder*, 637 F.3d 1040, 1043 (9th Cir. 2011). Several other courts of appeals have confirmed that they "have jurisdiction [under § 1252(a)] to review removal orders issued by DHS where the VWP entrant challenges the validity of the waiver." *Id*. (citing *Bayo v. Napolitano,* 593 F.3d 495, 500 (7th Cir. 2010) (en banc); *Bradley v. U.S. Attorney General,* 603 F.3d 235, 237 n. 1 (3d Cir. 2010); and *McCarthy v. Mukasey,* 555 F.3d 459 (5th Cir. 2009)); *see also Freeman v. Gonzales,* 444 F.3d 1031, 1034 (9th Cir. 2006). A plaintiff must file a petition for review within 30 days of the date the removal order was served on them. 8 U.S.C. § 1252(b)(1). ICE served Wheeler with a final administrative removal order on November 13, 2025.

(Doc. 6 Ex. 2 at 12.) Wheeler filed an emergency complaint and motion for temporary restraining order with the Court within 30 days of service of the order of removal, on November 14, 2025. (Doc. 1 and Doc. 2.)

The Court determines that challenges to the validity of a VWP entrant's waiver prove to be challenges to the authority of the Government to issue an order of removal. The Court concludes that § 1252(g) and § 1252(a) prove that such challenges to the authority of the Government properly must be heard in the appropriate court of appeals and not in federal district court. Wheeler's situation proves unfortunate, and the Court has empathy for him and his family, yet the Court can offer no relief. The Court will not address whether § 1252(g) precludes relief for Wheeler or whether Wheeler's visa waiver was knowing and voluntary.

When a court lacks jurisdiction, it may dismiss the case, or in the interest of justice, transfer it to the court in which it originally could have been brought. 28 U.S.C. § 1631. Given the short time-period for filing a petition for review attacking his final administrative order of removal, the interests of justice would be served by an immediate transfer of Wheeler's petition to the Ninth Circuit. The Court finds it is appropriate to maintain the Temporary Restraining Order to prohibit ICE from removing or transferring Wheeler from the State of Montana until all case proceedings are complete, including a petition for review before the Ninth Circuit.

## ORDER

Accordingly, **IT IS ORDERED**:

1. The Government's Motion to Dismiss (Doc. 5) is **DENIED as moot**.

2. The Clerk of Court shall transfer Wheeler's petition challenging his removal order (to be designated as a "Petition for Review) to the Ninth Circuit pursuant to 28 U.S.C. § 1631.

3. The Court orders that the Temporary Restraining Order remains in effect.

4. ICE is prohibited from removing or transferring Petitioner Dakota Wheeler from the State of Montana until all case proceedings are complete, including a petition for review at the Ninth Circuit.

5. ICE shall provide Petitioner and counsel at least fourteen (14) days written notice before any intended transfer or removal.

6. Petitioner shall maintain access to counsel while detained.

7. This Court transfers jurisdiction to enforce or modify this Order to the Ninth Circuit.

DATED this 9th day of January, 2026.


Brian Morris, Chief District Judge
United States District Court